UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JESSICA A. BARAN, an individual, | |
|    Plaintiff, | 2:07-cv-1438-LDG-PAL |
| v. | **ORDER** |
| VENETIAN CASINO RESORT, LLC, etc., | |
|    Defendant. | |

In this removed action, plaintiff Jessica Baran's allegations include the following: After a period of negotiations between her and her employer Venetian Casino Resort, LLC (the "Venetian") over the terms of an employment contract, the Venetian presented Baran on June 20, 2007, with a two-year written offer. Baran submitted the executed contract to the Venetian, and on that same day, the Venetian announced Baran's promotion and two-year contract. On July 18, 2007, Baran's superior, Chandra Allison,[1] and other employees hosted a celebration for Baran's signing of the contract and promotion to Senior National Sales Manager. Pursuant to the contract, Baran was entitled to written notice of any actions or failures which could result in her termination. After receiving such notice, Baran was entitled to fifteen days in which to cure or provide evidence challenging any alleged default. On July 19, 2007, Baran assumed

---

[1] The court notes that the state court complaint names Chandra Allison and Jonathan Young, both Nevada residents, as defendants. Because the status of these parties may bear on the subject matter jurisdiction in this case, the court will order the parties to submit a clarifying statement regarding their status.

responsibilities and duties as Senior National Sales Manager, which she continued to perform until her termination in August 3, 2007.

In her complaint, Baran asserts against the Venetian causes of action for breach of contract, contractual breach of the implied covenant of good faith and fair dealing, tortuous breach of the implied covenant of good faith and fair dealing, and bad faith discharge. Baran seeks declaratory judgment, damages, punitive damages, and attorneys fees.

The Venetian has filed a motion to dismiss (#6, opposition #8, reply #11). The Venetian's motion rests on the assertion that the contract between it and Baran is unenforceable because it was never signed by the Venetian, and that handwritten changes to the contract made by Baran operated as a rejection of the terms of the contract and constituted a counter offer which was never accepted by the Venetian. The Venetian also argues that the unexecuted contract violates the statute of frauds. Finally, the Venetian argues that any claim or controversy related to the alleged contract must be submitted to arbitration pursuant to the mandatory arbitration provision.[2]

In considering a motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff." McGary v. City of Portland, 386 F.3d 1259, 1261 (9th Cir. 2004). "However, the court is not required to accept legal conclusions cast in the form of factual allegation if those conclusions cannot reasonably be drawn from the facts alleged." Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) (quotation omitted). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Id. (quotation omitted).

There is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997). The issue is not whether the plaintiff ultimately will prevail but whether he is entitled to offer evidence in support of his claims.

---

[2]Challenges to the existence of a contract as a whole, however, must be determined by the court prior to ordering arbitration. Sanford v. Memberworks, Inc., 483 F.3d 956, 961 (9th Cir. 2007).

2

1 Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003).  The court may not grant a motion to dismiss
2 for failure to state a claim "unless it appears beyond a doubt that the non-moving party can prove
3 no set of facts in support of its claims which would entitle it to relief."  Allied Signal, Inc. v. City
4 of Phoenix, 182 F.3d 692, 695 (9th Cir. 1999).
5       Here, in taking the allegations of the complaint as true and construing them in the light
6 most favorable to Baran, the court determines that it does not appear that Baran can prove no set of
7 facts in support of her claims.  A contract need not be signed, and the statute of frauds does not bar
8 its enforcement if the parties accept and adopt the contract and assent to its terms, or if a party
9 changes position based on misleading acts or silence of the other.  Cohen v. Gensbro Hotel Co.,
10 259 F.2d 78, 83 n. 4 (9th Cir. 1958) (citing Nehls v. William Stock Farming Co., 43 Nev. 253, 253,
11 184 P. 212, 214 (1919)); Pravorne v. McLeod, 79 Nev. 341, 346, 383 P.2d 855, 858 (1963) (citing
12 U.S. Fidelity & Guaranty Co. v. Reno Electrical Works, 43 Nev 191, 183 P. 386, 387 (1919)).
13 According to the complaint, even if the Venetian did not sign the contract, and even if plaintiff's
14 modifications of its terms operated as a counter offer, both Venetian and Baran allegedly
15 performed under the agreement.  Baran's complaint is not subject to dismissal for failure to state a
16 claim.
17       THE COURT HEREBY ORDERS that the Venetian Resort Casino, LLC's motion to
18 dismiss (#6) is DENIED.
19       THE COURT FURTHER ORDERS that within thirty days from the filing of this order the
20 parties shall file a clarification indicating the status of Chandra Allison and Jonathan Young in the
21 action.
22       DATED this 26 day of September, 2008.

Lloyd D. George
United States District Judge

3